877 F.2d 59
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Richard M. KREMEN, David F. Albright, Frank T. Caudill,
Plaintiffs-Appellees,
v.
John KAZLEY, Defendant-Appellant,
and
A & S COMPANY, A & S Trade Company, A & S Trading, A & S
Trading Company, Albert S. Blank, individually and t/a A & S
Trading Company, Abbington Investment Company, Abell
Enterprises, Mr. Al, Mr. Allen, B & R Trading Co., Brooklyn
Investment Company, Edwards Construction Company, Equitable
Associates, Equitable Associates, Inc., Equitable Mortgage
Company, Equitable Mortgage Company, Inc., Equitable
Services, Gibraltar Mortgage Company, Walter Goodwich,
Hurwitz Associates, J & B Trading Company, Norfolk
Investment Company, P & D Associates, Plastic Distributors
Associates, Plaza Construction, Mr. Sams, Washington
Investment Company, Shirley Spritz, formerly Shirley Blank,
Celia Blank, individually and as Executrix of the Estate of
William Blank, decedent, Barry M. Blank, Michelle Blank,
Marcia Cohen, Robert A. Cohen, Natalie Izzard, Bernard
Izzard, individually and t/a Monumental Loans, William
Pearlman, Sandtree Associates, Inc., Financial Express
Company, Bankers Finance Company, Inc., Libra Investments,
Inc., Abbington Investment Company, Abell Investment
Company, B & R Company, B & R Trading Co., Brooklyn
Investment Company, Pikesville Construction Company,
Maryland Title, Defendants.
 No. 88-2139.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 6, 1989.
Decided May 12, 1989.
 
 James John Casey for appellant.
 David Foxwell Albright, Semmes, Bowen & Semmes on brief, for appellees.
 Before DONALD RUSSELL, PHILLIPS, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 John E. Kazley appeals from an order of the district court refusing to correct a judgment entered after a jury verdict. We affirm.
 
 
 2
 The trustees of the bankruptcy estate of Albert S. Blank brought the underlying action in district court, alleging fraud and conspiracy to commit fraud by Albert Blank, John Kazley, William Pearlman, Libra Investments, Inc., and Maryland Title & Escrow Corporation against Blank's bankruptcy estate. After trial, the jury reported its verdict on a special verdict form that required it to render fourteen special verdicts. In special verdict six, it found that defendants Kazley, Pearlman, and Libra Investments conspired to defraud the bankruptcy estate. In special verdict seven, it assessed damages of $30,000 against those defendants.*
 
 
 3
 The sole issue on appeal grew out of the ambiguous language contained in special verdict seven. The interrogatory stated:
 
 
 4
 If you found that any of the defendants were members of the conspiracy in question 6, in what amount do you assess compensatory damages against the defendant or defendants to which you answered "Yes"?
 
 
 5
 The jury's response was "30,000.00."
 
 
 6
 In its judgment, the district court thus ordered that Kazley, Pearlman, and Libra Investments were each liable to the trustees for $30,000. In his motion to correct the judgment order, Kazley argued that the jury intended to assess $30,000 in damages jointly against all three defendants rather than $30,000 against each of them.
 
 
 7
 In denying Kazley's motion, the district court reviewed the instructions to the jury and the special verdict that the jury returned and decided that its judgment order correctly reflected the jury finding in special verdict seven. We conclude that the district court did not abuse its discretion.
 
 
 8
 AFFIRMED.
 
 
 
 *
 In the remaining special verdicts, the jury found that only Blank, Pearlman, and Libra Investments were guilty of fraud and assessed damages of $1,000,000, $50,000, and $3,000,000, respectively, against them. It also assessed punitive damages of $16,000,000 against Blank and found him liable for $4,700,000 on other counts